# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2021 10:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reed,Deputy Clerk
21GDCV00777

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PRIME NOW LLC, a Delaware limited liability company; AMAZON.COM LLC, a Delaware Limited
Liability Company, and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAU TRAN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Glendale Courthouse<br>600 E. Broadway<br>Glendale, CA 91206 | CASE NUMBER: *(Número del Caso):*<br>21GDCV00777 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas H. Hoang, Esq., K2 Employment Law, LLP, 11751 Zelzah Avenue, Granada Hills, CA 91344; (800) 590-7674

DATE: 05/28/2021                    Clerk, by Sherri R. Carter Executive Officer / Clerk of Court Deputy
*(Fecha)*                                           *(Secretario)*  S. Reed           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Amazon.Com LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)

4. ☐ by personal delivery on *(date)*

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2021 10:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reed, Deputy Clerk
21GDCV00777

Assigned for all purposes to: Glendale Courthouse, Judicial Officer: Curtis Kin

1 **Douglas H. Hoang, Esq. (SBN 193412)**
dhoang@k2employmentlaw.com
2 **Matthew T. Kramer, Esq. (SBN 255465)**
mkramer@k2employmentlaw.com
3 **John Li-Chien Lin, Esq. (SBN 191266)**
jlin@k2employmentlaw.com
4 **Samantha Swanson, Esq. (SBN 286954)**
sswanson@k2employmentlaw.com
5 K2 Employment Law, LLP
11751 Zelzah Avenue
6 Granada Hills, California 91344
Tel. No.: (800) 590-7674
7

8 Attorneys for Plaintiff MAU TRAN

9 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 FOR THE COUNTY OF LOS ANGELES

11

| | |
|---|---|
| MAU TRAN, an individual, | Case No.: 21GDCV00777 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | |
| PRIME NOW LLC, a Delaware limited liability company; AMAZON.COM LLC, a Delaware Limited Liability Company, and DOES 1-50 inclusive, | 1. **VIOLATION OF BUS. & PROF. § 17200, et seq.;** |
| Defendants. | 2. **UNLAWFUL RETALIATION (Whistle Blower – Cal. Labor Code § 1102.5);** |
| | 3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 4. **RACE HARASSMENT IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 et seq.;** |
| | 5. **HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 et seq.;** |
| | 6. **RACE DISCRIMINATION IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 et seq.;** |
| | 7. **AGE DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE  SECTION 12940 et seq.;** |
| | 8. **RETALIATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940 et seq.;** |

COMPLAINT FOR DAMAGES

**9.**    **FAILURE TO PREVENT RACE HARASSMENT, RETALIATION, AND DISCRIMINATION IN VIOLATION OF THE FEHA – GOVERNMENT CODE SECTION 12940 et seq.; and**

**[DEMAND FOR JURY TRIAL]**

Plaintiff MAU Tran individually alleges:

## JURISDICTION AND VENUE

1.      Plaintiff MAU TRAN (hereinafter referred to as "Plaintiff" or "Mr. Tran"), an individual, alleges knowledge as to his own, and information and belief as to all other matters, as follows:

2.      Plaintiff was, at all times mentioned herein, a resident of the County of Los Angeles in the State of California.

3.      Defendants PRIME NOW LLC is a Delaware limited liability company and does business in the state of California.

4.      AMAZON.COM NVDC LLC is a Delaware Limited Liability Company and does business in the State of California.

5.      Defendants PRIME NOW LLC and AMAZON.COM NVDC LLC (herein referred to as "Defendants" or "Amazon") were businesses and employers doing business in Los Angeles County and elsewhere in the State of California.   Venue is proper in Los Angeles County because Defendants conduct business in Los Angeles County.

6.      Plaintiff is ignorant of the true names of Defendants DOES 1 through 50, inclusive, and has therefore sued them by the above names which are fictitious. Plaintiff will amend this complaint by inserting true names in lieu of the fictitious names when the true names are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated in this Complaint as DOE is responsible and liable to Plaintiff in some manner for the events, happenings, and contentions referred to in this complaint.   All references in this complaint to "Defendants" shall be deemed to include Amazon and all DOE Defendants collectively.

7.     Plaintiff is informed and believes and thereon alleges that each Defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other Defendant, including DOES, and all of the things alleged to have been done by the Defendants, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent limited liability company, partners, members, associates, or representatives.

8.     The unlawful practices and tortious conduct complained of herein occurred in the County of Los Angeles, State of California.

## **GENERAL ALLEGATIONS**

9.     Mr. Tran began working for Amazon in September 2015. Due to his hard work and incredible worth ethic, Mr. Tran eventually was promoted to the role of "ambassador.' Ambassadors are placed in a supervisorial role and were entitled to certain perks, such as a fixed scheduled.

10.     During his time at Amazon, Mr. Tran was subjected to harassment and discrimination because of his age, national origin, and race. While employed at his particular job site in Pasadena, California, Mr. Tran was the sole Vietnamese worker. Further, based on information and belief, he was also the oldest employee.

11.     Mr. Tran was subjected to repeated harassment by his fellow co-workers. Some examples were that he was subjected to extreme profanity by a co-worker, being forced to work alone in a busy section of the warehouse, and even experienced having his food and drink tampered with by co-workers. Following these instances, Mr. Tran would report to his manager what had occurred. At no point were these situations ever addressed, instead Defendants would ignore Mr. Tran in an attempt to silence him. Eventually Mr. Tran began escalating his complaints and began reporting the harassment to Human Resources with the hope that the harassment would cease. Instead, Human Resources never took any action to prevent and stop the harassment.

12.     Eventually the other similarly situated ambassadors were given opportunities that

1   Mr. Tran was not. He was the sole Vietnamese and the eldest ambassador at this job site. Mr.

2   Tran was informed by his fellow ambassadors that there were special ambassador trainings that

3   he was not invited to attend.

4       13.    The most egregious example of being treated differently than his other

5   ambassadors is when it came to scheduling. The ambassadors had originally been on a fixed

6   schedule, meaning that there were set dates and times that they would come in and work. This

7   scheduling system transitioned to a bidding system where Amazon would list dates and times so

8   that employees could sign up to work on those specific dates. The similarly situated ambassadors

9   were given the opportunity to sign up for dates and times prior to the schedule being released to

10   the rest of the associates. However, Mr. Tran was the only employee who was not given that

11   opportunity. Instead, Mr. Tran was forced to await Amazon posting the potential schedules and

12   attempt to sign up when all of the other employees were also able to sign up. This scheduling

13   disparity led to Mr. Tran not being able to sign up for shifts and work.

14       14.    Mr. Tran made numerous attempts to speak with Amazon regarding his inability

15   to schedule and the reasons. He contacted his manager and Human Resources multiple times in

16   an effort to be able to sign up for shifts and get assigned days to work. Mr. Tran informed

17   Defendants and their employees, that that while he did have the desire to sign up for shifts and

18   schedules, he could not sign up for a date to work. Amazon has a policy requiring that their

19   employees work a certain number of hours during a month so that they can remained employed.

20   He reached out numerous times over a span of several months so that he could continue to be

21   employed at Amazon. Mr. Tran spoke with several people within Amazon about his inability to

22   schedule but it was never resolved.

23       15.    During his correspondence with Human Resources regarding the harassment and

24   inability to sign up for shift, Mr. Tran informed Amazon that he was considering filing a

25   complaint them with the Department of Fair Employment and House (herein DFEH). In fact, he

26   informed one Human Resource analyst that he had been in contact with the DFEH, and they

27   were advising him on how to proceed.

28       16.    On September 6, 2018, as a result of the new scheduling system where Mr. Tran

COMPLAINT FOR DAMAGES

1  was unable to schedule himself, Mr. Tran was notified by Amazon Human Resources that his

2  employment was terminated.

3      17.     Further, during this time, Amazon did not properly Mr. Tran for the hours that he

4  was working. Mr. Tran also attempted to resolves these issues with Defendant numerous times

5  but was ignored. Mr. Tran was forced to file a complaint against Amazon to attempt to receive

6  the pay that he was owed. Mr. Tran filed a complaint for lost wages with the State of California

7  Department of Industrial Relation Labor Commissioner's Office related to the time period in

8  which Mr. Tran was being discriminated against and harassed. Following a hearing, Mr. Tran

9  was awarded wages, liquidated damages, waiting time penalties, and interest on his unpaid

10  wages.

11      18.     As a direct and proximate result of Amazon's actions against Mr. Tran, as alleged

12  above, Mr. Tran has suffered special damages including but not limited to loss of wages,

13  including front and back pay, and benefits, including consequential damages in an amount to be

14  proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

15      19.     As a further direct and proximate result of Amazon's actions against Mr. Tran, as

16  alleged above, Mr. Tran has suffered and continues to suffer general damages including but not

17  limited to significant and enduring emotional distress including humiliation, mental anguish and

18  physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess of the

19  minimum jurisdictional requirements of this Court.

20      20.     In doing the acts set forth above, Amazon acted as herein alleged with a conscious

21  disregard of Mr. Tran's rights as an employee. Amazon, by and through its managing agents,

22  acted deliberately to discriminate against Mr. Tran on the basis of his race, ethnicity, and

23  nationality, and to punish Plaintiff for daring to report Amazon's discrimination. For all of these

24  reasons, the Plaintiff is entitled to an award of punitive damages.

25

26                      **FIRST CAUSE OF ACTION**

27          **FOR VIOLATION OF BUSINESS AND**

28          **PROFESSIONS CODE § 17200 ET SEQ.**

**(Against All Defendants)**

21.    Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

22.    California Business and Professions Code § 17200, et seq. prohibits unlawful and unfair business practices. Plaintiff is a "person" within the meaning of California Business & Professions Code (hereinafter "B&P") § 17204, and has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

23.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of B&P § 17200, *et seq.*, depriving Plaintiff of the rights, benefits, and privileges guaranteed to all employees under the law.

24.    Defendants, by violating Government Code § 12940 *et seq*, creating a hostile work environment, retaliating against Plaintiff and wrongfully terminating Plaintiff on the basis of his complaints regarding Defendants' discriminatory conduct, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. Therefore, Defendants' conduct, as alleged herein, constitutes unfair competition in violation of B&P § 17200, et seq.

25.    As a proximate result of the above-mentioned acts of Defendants, Plaintiff has been damaged in a sum as may be proven.

26.    Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged herein. Pursuant to the B&P, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the B&P and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

## SECOND CAUSE OF ACTION

## UNLAWFUL RETALIATION

**(Whistle Blower – Cal. Labor Code § 1102.5)**

**(Against All Defendants)**

27. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

28. There is a public policy in this state and in this country in favor of employees not being subjected to retaliation for reporting and/or complaining about violation of State and Federal Law. California Labor Code Section 1102.5 prohibits any employer from taking any action against any employee out of fear that the employee will report any violation of the Labor Code to any state or federal government agency. Defendants have also violated the public policy of this state set forth in Labor Code Section 98.6 by retaliating against Plaintiff for his complaints regarding Defendants' illegal activities as pled herein and in violation of Plaintiff's rights under the California Labor Code.

29. While employed by Defendants, and as described above, Plaintiff complained to Defendants that he was not being properly treated. Plaintiff informed numerous supervisors and those with authority over his career, that due to the mistreatment that he was going to file complaints with the Chief Executive Officer of Amazon and also with the Department of Fair Employment Housing ("DFEH"). While he was in communication with someone in Human Resources, Plaintiff informed her that he had already spoken with DFEH who provided him with advice. As a result of the aforesaid actions, Defendants retaliated against Plaintiff, including but not limited to terminating his employment.

30. Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently un-ascertained. Plaintiff faces a substantial diminution of his future earning capacity in an amount which is currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial.

31. As a result of the aforesaid actions, Plaintiff has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has suffered and continues to suffer emotional distress. Defendants, by and through their managing agents and employees, further acted intentionally and unreasonably because they knew and/or

1   should have known that their conduct and intimidation was likely to result in severe mental

2   distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven

3   at the time of trial.

4       32.     Defendants' attempts to prevent Plaintiff from disclosing the truth about the work

5   conditions at Defendant and then terminating him for complaining of the same is extreme and

6   outrageous conduct. Defendants, including their executives, managers, superiors, and/or

7   supervisors, have acted, as alleged, with the malicious intention of depriving the Plaintiff of

8   employment opportunities and benefits that must be accorded to all employees. This conduct by

9   Defendants was, and is, despicable, cruel and oppressive. Plaintiff is therefore entitled to an

10   award of punitive damages in an amount to be proven at trial.

11       33.     Because of the wrongful acts of Defendants as herein above alleged, Plaintiff has

12   been and/ or will in the future be required to employ physicians and mental health care

13   professionals to examine, treat and care for him and will incur additional medical expenses in an

14   amount to be proven at the time of trial.

15       34.     The Labor Code provides for an award of reasonable attorneys' fees and costs

16   incurred by a prevailing plaintiff in an action brought under its provisions.   Plaintiff has

17   employed, and will continue to employ, attorneys for the initiation and prosecution of this

18   action.   Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.

19   Plaintiff is entitled to an award of attorneys' fees and costs.

20       35.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

21

22   **THIRD CAUSE OF ACTION**

23   **FOR WRONGFUL TERMINATION IN**

24   **VIOLATION OF PUBLIC POLICY**

25   **(Against All Defendants)**

26       36.     Plaintiff realleges and incorporates by reference each and every allegation

27   contained in each and every aforementioned paragraph as though fully set forth herein.

28       37.     As set forth above, Plaintiff complained to Defendants about their violation of the

1 | FEHA.

2 | 38.     Immediately thereafter, and directly resulting from Plaintiff's complaints about

3 | and opposition to Defendants' illegal conduct, Defendants began to take adverse employment

4 | actions against Plaintiff, including a campaign of retaliatory harassment and humiliation, as set

5 | forth hereinabove.

6 | 39.     As a direct result of Defendants' conduct as described in this Complaint, and in

7 | violation of public policy as set forth above, Defendants, by and through Defendants'

8 | management and others, retaliated against Plaintiff's employment by wrongfully terminating her.

9 | 40.     As a result of the aforesaid actions, Plaintiff has suffered and is continuing to

10 | suffer a loss of wages/salary, benefits and other employee compensation in an amount which is

11 | currently un-ascertained. Plaintiff faces a substantial diminution of her future earning capacity in

12 | an amount which is currently unascertained. Plaintiff will request leave of the court to amend this

13 | Complaint to state the amount of all such damages when they have been ascertained, or upon

14 | proof at the time of trial.

15 | 41.     As a result of the aforesaid actions, Plaintiff has been held up to great derision and

16 | embarrassment with fellow workers, friends, members of the community and family, and has

17 | suffered and continues to suffer emotional distress. Defendants, by and through their managing

18 | agents and employees, further acted intentionally and unreasonably because they knew and/or

19 | should have known that their conduct and intimidation was likely to result in severe mental

20 | distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven

21 | at the time of trial.

22 | 42.     Defendants' attempts to prevent Plaintiff from disclosing the truth about the work

23 | conditions at Defendants and then terminating her for complaining about the same is extreme and

24 | outrageous conduct. Defendants have acted, as alleged, with the malicious intention of depriving

25 | the Plaintiff of employment opportunities and benefits that must be accorded to all employees.

26 | This conduct by Defendants was, and is, despicable, cruel and oppressive. Plaintiff is therefore

27 | entitled to an award of punitive damages in an amount to be proven at trial.

28 | 43.     Because of the wrongful acts of Defendants as hereinabove alleged, Plaintiff has

1  been and/or will in the future be required to employ physicians and mental health care
2  professionals to examine, treat and care for her and will incur additional medical expenses in an
3  amount to be proven at the time of trial.

4      44.      The Labor Code provides for an award of reasonable attorneys' fees and costs
5  incurred by a prevailing plaintiff in an action brought under its provisions.   Plaintiff has
6  employed, and will continue to employ, attorneys for the initiation and prosecution of this action.
7  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.   Plaintiff is
8  entitled to an award of attorneys' fees and costs.

9      45.      WHEREFORE, Plaintiff requests relief as hereinafter provided.

10                    **FOURTH CAUSE OF ACTION**

11          **FOR RACE HARASSMENT IN VIOLATION OF THE FEHA**

12                      **(Against All Defendants)**

13      46.      Plaintiff realleges and incorporates by reference each and every allegation
14  contained in each and every aforementioned paragraph as though fully set forth herein.

15      47.      California Government Code section 12940 makes it illegal for an employer or
16  any person to harass an employee on the basis of race, ethnicity, and national origin.

17      48.      During the course of Plaintiff's employment, Defendants and its employees
18  engaged in a pattern of continuous and pervasive harassment of Plaintiff at the workplace based
19  in whole or part on his race, ethnicity, and national origin, which acts included, but were not
20  limited to, those alleged herein.

21      49.      Defendants knew, or should have known, about such conduct but authorized,
22  ratified and/or failed to take appropriate corrective action with respect thereto. Plaintiff filed
23  numerous complaints with his manager and Human Resources regarding the harassment that he
24  was suffering.

25      50.      As a proximate result of Defendants' conduct, Plaintiff has suffered and will
26  continue to suffer physical and emotional injuries, including nervousness, humiliation,
27  depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.   The
28  amount of Plaintiff's damages will be ascertained at trial.

51.     The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants.  Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

52.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed, and will continue to employ, attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

53.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

## FOR RACE HARASSMENT IN VIOLATION OF THE FEHA

### (Against All Defendants)

54.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

55.     California Government Code section 12940(j)(1) makes it illegal for an employer or any person to harass an employee on the basis of sex/gender and/or age.

56.     During the course of Plaintiff's employment, Defendants and its employees engaged in a pattern of continuous and pervasive harassment of Plaintiff at the workplace based in whole or part on his race, ethnicity, and national origin, which acts included, but were not limited to, those alleged herein.

57.     Defendants knew, or should have known, about such conduct but authorized, ratified and/or failed to take appropriate corrective action with respect thereto. Plaintiff filed numerous complaints with his manager and Human Resources regarding the harassment that he was suffering.

58.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

59.     The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

60.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed, and will continue to employ, attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

61.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## SIXTH CAUSE OF ACTION

## FOR RACE DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against All Defendants)

-12-
COMPLAINT FOR DAMAGES

62. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

63. Defendants discriminated against Plaintiff on the basis of race, ethnicity, and national origin, through numerous illegal acts, including, without limitation, constructively terminating his employment as set forth herein. Defendants and its employees and residents had animus towards Plaintiff and the aforementioned protected characteristics.

64. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

65. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

66. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

67. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**SEVENTH CAUSE OF ACTION**

**FOR AGE DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against All Defendants)**

68.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

69.     Defendants discriminated against Plaintiff on the basis of disability, sex/gender and/or age, through numerous illegal acts, including, without limitation, terminating her employment as set forth herein. Defendants and its employees had animus towards Plaintiff and the aforementioned protected characteristics.

70.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss according to proof.   Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

71.     The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants.  Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

72.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

-14-

COMPLAINT FOR DAMAGES

1   award of attorneys' fees and costs.

2      73.      Plaintiff has been generally damaged in an amount within the jurisdictional limits

3   of this Court.

### EIGHTH CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF FEHA

#### (Against All Defendants)

7      74.      Plaintiff realleges and incorporates by reference each and every allegation

8   contained in each and every aforementioned paragraph as though fully set forth herein.

9      75.      California Government Code section 12940(h) makes it an unlawful employment

10   practice for an employer to "discharge, expel, or otherwise discriminate against any person

11   because the person has opposed any practices forbidden under [the FEHA] or because the

12   person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]."

13      76.      Defendants retaliated against Plaintiff for making complaints about discrimination

14   and harassment.  Defendants constructively terminated Plaintiff's employment and subjected

15   Plaintiff to a hostile work environment.

16      77.      As a proximate result of the conduct of Defendants, Plaintiff suffered and

17   continues to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss

18   according to proof.  Plaintiff has also suffered and will continue to suffer physical and

19   emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment,

20   fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be

21   ascertained at trial.

22      78.      The act of oppression, fraud, and/or malice were engaged in by employees and

23   Managing Agents of Defendants.  Defendants had advance knowledge of the unfitness of each

24   employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or

25   ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

26   personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious

27   disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed

28   by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff

1   to punitive and exemplary damages against Defendants in accordance with California Civil

2   Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

3       79.       FEHA provides for an award of reasonable attorneys' fees and costs incurred by a

4   prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will

5   continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

6   incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

7   award of attorneys' fees and costs.

8       80.       Plaintiff has been generally damaged in an amount within the jurisdictional limits

9   of this Court.

10   **NINTH CAUSE OF ACTION**

11   **FOR FAILURE TO PREVENT RACE HARASSMENT,**

12   **RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FEHA**

13   **(Against all Defendants)**

14       81.       Plaintiff realleges and incorporates by reference each and every allegation

15   contained in each and every aforementioned paragraph as though fully set forth herein.

16       82.       California Government Code section 12940(k) makes it an unlawful employment

17   practice for an employer to "fail to take all reasonable steps to prevent discrimination and

18   harassment from occurring."  This provision also makes it unlawful for an employer to fail to

19   prevent retaliation.  See, e.g., Ortiz v. Georgia Pacific (E.D. Cal. 2013) 973 F.Supp.2d 1162,

20   1184 (citing Taylor v. City of Los Angeles Dep't of Water & Power (2006) 144 Cal.App.4th

21   1216, 1240).  Defendants violated this provision by failing to prevent harassment,

22   discrimination, and retaliation against Plaintiff as described above. Pl Defendants knew or

23   should have known of the harassment against Plaintiff yet failed to take any prompt remedial

24   action or other adequate measures and failed to prevent not only his hostile work environment

25   but also his termination of employment.

26       83.       As a proximate result of the entity Defendants' conduct, Plaintiff suffered and

27   will continue to suffer physical and emotional injuries, including nervousness, humiliation,

28   depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The

1  amount of Plaintiff's damages will be ascertained at trial.

2       84.     The FEHA provides for an award of reasonable attorneys' fees and costs incurred

3  by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and

4  will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

5  incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

6  award of attorneys' fees and costs.

7       85.     Plaintiff has been generally damaged in an amount within the jurisdictional limits

8  of this Court.

9  <b><u>PRAYER FOR RELIEF</u></b>

10       WHEREFORE, Plaintiff prays for relief and judgment against Defendant, as follows:

11       1.     For general damages in an amount according to proof;

12       2.     For special damages in an amount according to proof;

13       3.     For compensatory damages including but not limited to lost wages, damages for

14  lost meal and rest periods, and other special, general and compensatory damages in an amount

15  according to proof;

16       4.     For punitive damages;

17       5.     For attorneys' fees pursuant to California Labor Code;

18       6.     For statutory and civil penalties;

19       7.     For interest as allowed by law;

20       8.     For injunctive relief;

21       9.     For costs of suit; and

22       10.     For such other and further relief as the Court may deem just and proper.

23

24  DATED:  May 28, 2021         **K2 Employment Law, LLP**

25           By:   _____

26                 Douglas H. Hoang
               Matthew T. Kramer
               John L. Lin

27                 Samantha Swanson
               Attorneys for Plaintiff MAU TRAN

28

Electronically FILED by Superior Court of California, County of Los Angeles on 06/25/2021 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reed, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 21GDCV00777 | FOR COURT USE ONLY |
|---|---|
| Douglas H. Hoang, Esq. (SBN 193412)<br>K2 Employment Law, LLP<br>11751 Zelzah Avenue, Granada Hills, California 91344 | |
| TELEPHONE NO.: (800) 590-7674 FAX NO. *(Optional):* 818-360-9539 | |
| ATTORNEY FOR *(Name):* Plaintiff MAU TRAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 E. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: Glendale, CA 91206
BRANCH NAME: Glendale Courthouse

CASE NAME:
MAU TRAN v PRIME NOW, LLC a Delaware Limited Liability Company et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21GDCV00777 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 28, 2021

Douglas H. Hoang, Esq.
_____
(TYPE OR PRINT NAME)                                         ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE: TRAN v PRIME NOW, LLC a Delaware Limited Liability Company et al | CASE NUMBER 21GDCV00777 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: TRAN v PRIME NOW, LLC a Delaware Limited Liability Company et al | CASE NUMBER 21GDCV00777 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: TRAN v PRIME NOW, LLC a Delaware Limited Liability Company et al | CASE NUMBER | 21GDCV00777 |
| --- | --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: TRAN v PRIME NOW, LLC a Delaware Limited Liability Company et al | CASE NUMBER 21GDCV00777 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 3751 E. Foothill Blvd. Pasadena, CA 91107 |

| CITY: Pasadena | STATE: CA | ZIP CODE: 91107 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___(Gendale Courthouse) North Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 28, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Glendale Courthouse<br>600 East Broadway, Glendale, CA 91206 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/07/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Hoskins _____ Deputy |
| PLAINTIFF(S):<br>Mau Tran | |
| DEFENDANT(S):<br>Amazon.com LLC a Delaware Limited Liability Company et al | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR<br>PLAINTIFF TO GIVE NOTICE (Dates Remain)** | CASE NUMBER:<br>21GDCV00777 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 06/14/2021 _____, an order was made that the above-entitled action, previously assigned to Curtis A. Kin _____,

is now and shall be assigned to David A. Rosen _____

as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department    E    at Glendale Courthouse _____.

(See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/07/2021 _____        By J. Hoskins _____

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Dates Remain)**

(Proposed LACIV 252)
LASC Approved 00-00

Local Rules Chapter 3

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Glendale Courthouse 600 East Broadway Glendale, CA 91206 | **FILED** Superior Court of California County of Los Angeles 06/07/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ J. Hoskins _____ Deputy |
| PLAINTIFF/PETITIONER: Mau Tran | |
| DEFENDANT/RESPONDENT: Amazon.com LLC a Delaware Limited Liability Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 21GDCV00777 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Glendale, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Douglas  Hoang
K2 Employment Law LLP
11751 Zelzah Ave
Granada Hills, CA, CA  91344

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/7/2021

By:  J. Hoskins _____
       Deputy Clerk

**CERTIFICATE OF MAILING**

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Glendale Courthouse 600 East Broadway, Glendale, CA 91206 | **FILED** Superior Court of California County of Los Angeles 06/02/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ S. Reed _____ Deputy |
| PLAINTIFF: Mau Tran | |
| DEFENDANT: Amazon.com LLC a Delaware Limited Liability Company et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 21GDCV00777 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/24/2021 | Time: 8:30 AM | Dept.: E |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __06/02/2021__

_____
Curtis A. Kin / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Glendale__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Douglas Hoang
11751 Zelzah Ave

Granada Hills, CA, CA 91344

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __06/02/2021__

By  S. Reed
_____
Deputy Clerk

LACiv 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|

COURTHOUSE ADDRESS:

Glendale Courthouse

600 East Broadway, Glendale, CA 91206

**FILED**
Superior Court of California
County of Los Angeles
06/02/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ S. Reed _____ Deputy

PLAINTIFF(S):

Mau Tran

DEFENDANT(S):

Amazon.com LLC a Delaware Limited Liability Company et al

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: |
|---|---|
| | 21GDCV00777 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>10/05/2021</u> at <u>8:30 AM</u> in department <u>E</u> of this court, <u>Glendale Courthouse</u>
and show cause why sanctions should not be imposed for:

[✔]     Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]     To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>06/02/2021</u>

_Curtis A. Ki—_

Curtis A. Kin / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Glendale Courthouse<br>600 East Broadway, Glendale, CA 91206 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/02/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Reed _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Mau Tran | |
| DEFENDANT/RESPONDENT:<br>Amazon.com LLC a Delaware Limited Liability Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21GDCV00777 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Glendale, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Douglas Hoang
K2 Employment Law LLP
11751 Zelzah Ave
Granada Hills, CA, CA 91344

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>06/2/2021</u>

By: <u>S. Reed</u>
        Deputy Clerk

**CERTIFICATE OF MAILING**